UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON GRANT, ALLISON TAGGART, LISA PETERSON, and SAMANTHA LYONS,<br><br>              Plaintiffs,<br><br>      v.<br><br>TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police; MICHAEL d'ENTREMONT, in his official capacity as Chief of the Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney,<br><br>              Defendants. | Civil Action No. _____ |

## VERIFIED COMPLAINT

The Karen Read trial has drawn significant public attention. Plaintiffs are members of the public wish to publicly express themselves near, *but not on*, the grounds of, the courthouse where the second Karen Read trial is taking place. Their primary concern is that they wish to criticize Judge Cannone. They have been doing so since November 2024, without incident. They have been doing so peacefully. They have been doing so while Judge Cannone presides over cases in the Dedham Courthouse, and neither the Sixth Amendment nor the First Amendment have felt the slightest chafe. However, Judge Cannone has found her pretext to shut down protests against her – an ignoble request from the Commonwealth that an ill-defined "buffer zone" be declared on the streets, public walkways, public library, and private properties surrounding the Dedham Courthouse. Judge Cannone joyfully entered the order, ex parte, enjoining Plaintiffs (and everyone else), who are not subject to her jurisdiction, from speaking on private property and on traditional

public fora. It is a lawless, *ultra vires* act, that violates the constitutional guarantees of free speech and due process. Cannone has issued this order primarily to quash criticism directed at her, as this the only protests that have been documented have been the Plaintiffs in this case, who have quietly held signs criticizing Cannone. To remedy this constitutional wrong, the Plaintiffs Jason Grant, Allison Taggart, Lisa Peterson, and Samatha Lyons bring this Civil Action against Defendants TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police; MICHAEL d'ENTREMONT, in his official capacity as Chief of the Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney. Plaintiffs bring a claim under 42 U.S.C. § 1983 for Defendants' violation of their First and Fourteenth Amendment rights, and allege as follows:

## THE PARTIES

1. Plaintiff Jason Grant is a natural person who resides in the Commonwealth of Massachusetts.

2. Plaintiff Allison Taggart is a natural person who resides in the Commonwealth of Massachusetts.

3. Plaintiff Samatha Lyons is a natural person who resides in the Commonwealth of Massachusetts.

4. Plaintiff Lisa Peterson is a natural person who resides in the Commonwealth of Massachusetts.

5. Defendant Trial Court of the Commonwealth of Massachusetts is a judicial entity organized under Mass. Gen. Laws. ch. 211B, § 1.

6. Defendant Beverly J. Cannone is a Justice of the Norfolk County Superior Court and, at all relevant times, worked in Dedham, Massachusetts.

7. Defendant Michael W. Morrissey is the Norfolk County, Massachusetts, District Attorney and, at all relevant times, worked in Norfolk County, Massachusetts.

8. Defendant Michael d'Entremont is the Chief of the Police Department of the Town of Dedham, Massachusetts, and, at all relevant times, worked in Dedham, Massachusetts.

9. Defendant Geoffrey Nobel is the Superintendent of the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution.

11. This Court has personal jurisdiction over all defendants as they are all citizens or organs of the Commonwealth of Massachusetts, and the defendants committed the acts complained of within the said Commonwealth.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) as all defendants reside in this District and all events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

13. On or about January 29, 2022, John O'Keefe, a Boston Police Officer, died.

14. On or about June 9, 2022, a true bill was returned in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Norfolk County, indicting Karen Read and charging her with a) second degree murder of O'Keefe per G.L. c. 265, § 1; b) killing

Verified Complaint

O'Keefe with her motor vehicle while intoxicated per G.L. c. 265, § 13 ½; and c) a hit-and-run death of O'Keefe under. G.L. c. 90, § 24,(2)(a ½)(2).

15. Defendant Cannone is the presiding judge in the Read prosecution, in the case styled *Commonwealth v. Read,* Case No. 2282CR00017, in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Norfolk County (hereinafter "*Read* Case").

16. The Norfolk County District Attorney's office, led by Michael W. Morrissey, is prosecuting the *Read* Case on behalf of the Commonwealth.

17. A trial in the *Read* Case was held in 2024, which resulted in a mistrial after the jury failed to reach a unanimous decision (hereinafter "first trial").

18. A second trial in the *Read* Case began on April 1, 2025 (hereinafter "second trial").

19. Prior to the first trial, the Commonwealth filed a motion to *inter alia* create a "buffer zone" beyond the grounds of the Norfolk Superior Courthouse, to prohibit any individual from demonstrating in any manner about Read, law enforcement, the DA, potential witnesses, and evidence within 500 feet of the court complex during the trial.

20. Massachusetts citizens Tracey Anne Spicuzza, Lorena Jenkinson, Dana Stewart Leonard, and Paul Cristoforo thereupon moved to intervene for the limited purpose of opposing the Commonwealth's buffer-zone motion.

21. The motion to intervene was denied by Justice Cannone who declared that the citizens had no right to intervene, even though the order would directly affect them.

22. Judge Cannone then issued an order granting the Commonwealth's motion, asserting that the Commonwealth's perceived inconveniences overcame everyone else's First Amendment rights, without regard for any differentiation between members of the public, and expressly ordered that "no individual may demonstrate in any manner, including carrying signs or

placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court.  This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building.  Individuals are also prohibited from using audio enhancing devices while protesting." *See* **Exhibit A**.

23. Speech that does not qualify as a "demonstrate[on]" was not restricted.  Thus, a nearby café could advertise breakfast using a bullhorn and parade its menu on picket signs and placards; Celtics and Bruins fans could similarly honor their teams by hooting/hollering and carrying placards.  And in fact, commercial speech was permitted within the zone.

24. In advance of the second trial, the Commonwealth again moved for a buffer zone, but with a larger area (again, encompassing private property and traditional public fora, including public sidewalks and other areas).  The Commonwealth also sought specific instructions to request police to use force to quash any dissent or protest.  *See* **Exhibit B**.

25. Without an opportunity for affected persons to intervene or be heard, Judge Cannone issued an Order on March 25, 2025, granting the Commonwealth's motion, asserting that the basis for the first motion warranted a *larger* buffer zone for the second trial, and expressly ordered that "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court.  This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building.  The buffer zone shall further be extended to include the area bounded by Bates Court, Bullard Street, Ames Street, and Court Street.  Individuals are also prohibited from using audio enhancing devices while protesting." *See* **Exhibit C** (hereinafter "Second Prior Restraint Order").

26. For the past several months, Plaintiffs have been engaged in peaceful demonstrations, with no adverse incidents.

27. Such demonstrations took place in the location that is within the buffer zone of the Second Prior Restraint Order.

28. For example, Plaintiff Jason Grant peacefully demonstrated on the sidewalk next to the courthouse holding signs reading "Judge Bev is Conflicted" and "Bev's Court is a Clownshow" regarding and with images of D.A. Morrissey and Judge Cannone:



29. Such demonstrations were specifically about Judge Cannone and occurred during trials presided over by Judge Cannone.

30. There were no disturbances, incidents, nor interference with any of the trials taking place, but Judge Cannone was apparently embarrassed and annoyed by people protesting against her. Nevertheless, nobody's rights were impeded upon, and not one complaint was received that the plaintiffs are aware of.

31. Plaintiffs wish to continue to demonstrate, including criticizing Judge Cannone, off the grounds of the said courthouse complex but within the buffer zone during the second trial.

32. Plaintiffs reasonably fear that Judge Cannone will attempt to hold them in contempt if they engage in such demonstration or will otherwise attempt another unconstitutional act to suppress those who would criticize her publicly.

33. Plaintiffs reasonably fear that the Norfolk County District Attorney's office, under the control and direction of Defendant Morrissey, will seek their prosecution for violation of the Order if they engage in such demonstration.

34. As Dedham Police officers took action to enforce the buffer zone order during the first trial, Plaintiffs reasonably fear that the Dedham Police Department, under the control and direction of Defendant d'Entremont, will arrest them for violation of the Second Prior Restraint Order if they engage in such demonstration.

35. As Massachusetts State Police officers took action to enforce the buffer zone order during the first trial, Plaintiffs reasonably fear that the Massachusetts State Police, under the control and direction of Defendant Noble, will arrest them for violation of the Second Prior Restraint Order if they engage in such demonstration.

## CAUSE OF ACTION
### Count I
**Violation of the First Amendment to the United States Constitution**
**Declaratory Judgment & Injunctive Relief**
**(42 U.S.C. 1983 – First Amendment)**

36. Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

37. The Second Prior Restraint Order is facially unconstitutional. It is a content-based regulation of protected speech in a public forum that cannot withstand strict scrutiny. While the Supreme Court has upheld a statute relating to picketing or parading near courthouses, it has not

approved of a 200 foot buffer with an additional larger, ill-defined area. Contrast *Cox v. Louisiana*, 379 U.S. 559 (1965). It is overinclusive—it includes speech in private businesses and homes and in traditional public fora. And, it is underinclusive, as it does not regulate other forms of speech directed at potential jurors (the ostensible "fair trial" reason given).

38. The Second Prior Restraint Order purports to address noise and to minimize prospective jurors' exposure to viewpoints about the Read case, but it is targeted solely to speech in the ambit of the Read case when Judge Cannone and the Superior Court routinely conduct jury trials without such restrictions.

39. Judge Cannone could have taken measures to reduce jurors' exposure to noise and public speech without imposing content-based restrictions.

40. The Second Prior Restraint Order is unconstitutionally vague. Plaintiffs cannot ascertain where they may not demonstrate as the purported bounds are not bounds at all. Plaintiffs cannot ascertain exactly what speech is prohibited—it is unclear if they can wave political signs that say "Vote Against DA Morrissey" or "Judge Cannone is Corrupt."

41. The Second Prior Restraint Order is an unconstitutional prior restraint on speech.

42. The Second Prior Restraint Order is unconstitutional as applied. Defendants have been purposely targeting people, like Plaintiffs, who dislike Judge Cannone, and there is nothing that suggests they would threaten anyone siding with the prosecution or supporting Judge Cannone.

43. Plaintiffs have been injured, or reasonably fear imminent injury, by these constitutional violations, and Plaintiffs are entitled to relief.

44. Therefore, Plaintiffs are entitled to a declaration that the Second Prior Restraint Order is unconstitutional and they are entitled to an injunction against all Defendants prohibiting enforcement of the Second Prior Restraint Order.

### *Count II*
### Violation of the Fourteenth Amendment to the United States Constitution
### (42 U.S.C. 1983 – Procedural Due Process)

45. Plaintiffs hereby repeat and reallege each and every allegation in the preceding paragraphs as if set forth fully herein.

46. Defendants' conduct of issuing and enforcing the Second Prior Restraint Order is unconstitutional and violates Plaintiffs' rights to due process of law under the Fourteenth Amendment.

47. Prior to being deprived of their rights to speak freely and to assemble, Plaintiffs were entitled to due process.

48. There was no hearing, no opportunity to be heard, nor was there any due process whatsoever. There was merely an arbitrary and capricious action designed to harm Plaintiffs and others, issued by one person on account of anticipated First Amendment protected activity.

49. Judge Cannone's Second Prior Restraint Order was issued in the absence of statutory authority or inherent authority over persons not brought within her jurisdiction through process.

50. Judge Cannone's Second Prior Restraint Order was a usurpation of legislative and regulatory functions, not a judicial act.

51. Judge Cannone has no authority over what non-parties to a proceeding may do off of courthouse property, let alone on private property or traditional public fora.

52. The Massachusetts Constitution does not empower Superior Court Justices with explicit or inherent authority to regulate private property or traditional public fora in the way they might regulate courthouse property.

53. No Massachusetts statute empowers Superior Court Justices with explicit or inherent authority to regulate private property or traditional public fora in the way they might regulate courthouse property.

54. No ordinance of the Town of Dedham empowers Superior Court Justices with explicit or inherent authority to regulate private property or traditional public fora in they way they might regulate courthouse property.

55. Plaintiffs have been injured, or reasonably fear imminent injury, by these constitutional violations, and Plaintiffs are entitled to relief.

56. Therefore, Plaintiffs are entitled to a declaration that the Second Prior Restraint Order is unconstitutional and they are entitled to an injunction on the Second Prior Restraint Order's enforcement.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A. A declaration that the Second Prior Restraint Order is unconstitutional under the First and Fourteenth Amendments of the United States Constitution.

B. A declaration that enforcing the Second Prior Restraint Order is unconstitutional under the First and Fourteenth Amendments of the United States Constitution.

C. A preliminary and permanent injunction enjoining each Defendant from interfering with Plaintiff's right to lawfully engage in constitutionally protected expression and activity within Dedham, Massachusetts.

D. To award Plaintiffs their reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and

E. To award such other relief as this Honorable Court may deem just and proper.

Dated: April 1, 2025.                    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Mark Trammell
(*Pro Hac Vice* Forthcoming)
Center for American Liberty
P.O. Box 200942
Pittsburgh, PA 15251
Tel: (703) 687-6200
MTrammell@libertyCenter.org

*Attorneys for Plaintiffs.*

## VERIFICATION OF COMPLAINT

I, Jason Grant, am a Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 4-1-2025             By: _____
                                    Jason Grant

## VERIFICATION OF COMPLAINT

I, Allison Taggart, am a Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 4-1-25

By: *[signature]*
Allison Taggart

## VERIFICATION OF COMPLAINT

I, Samantha Lyons, am a Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 4-1-25

By: *Samantha Lyons*
Samantha Lyons

## VERIFICATION OF COMPLAINT

I, Lisa Peterson, am a Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 4-1-2025

By: /s/ Lisa Peterson
Lisa Peterson