# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON GRANT, ALLISON TAGGART, LISA PETERSON, and SAMANTHA LYONS,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police; MICHAEL d'ENTREMONT, in his official capacity as Chief of the Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney,<br><br>　　　　　　　Defendants. | Civil Action No. 1:25-cv-10770-MJJ<br><br>**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, AN INJUNCTION PENDING APPEAL** |

THIS CAUSE having come before the Court on Plaintiffs Jason Grant, Allison Taggart, Lisa Peterson, and Samantha Lyons's ("Plaintiffs") Motion for a Temporary Restraining Order and for a Preliminary Injunction or, in the Alternative, an Injunction Pending Appeal (Doc. 2) (the "Motion"), and this Court having considered the Motion, the papers in support of and in opposition to it, and having heard the matter on April 4, 2025:

**THE COURT FINDS** that Plaintiffs have shown a probability of prevailing on at least their claim under 42 U.S.C. § 1983 for violation of their First Amendment rights. Using the standards set forth in *McCullen v. Coakley*, 573 U.S. 464, 477 (2014), it is apparent that the buffer zone order imposed by Defendants Trial Court of the Commonwealth of Massachusetts and Beverly J. Cannone on March 25, 2025, in the criminal trial of Karen Read (the "Buffer Zone Order") is not "narrowly tailored to serve a significant government interest." As the U.S. Court of

Appeals for the First Circuit found in this matter, the buffer zone lacks a *mens rea* requirement and "likely applies equally to speech directed toward random passersby and speech directed toward trial participants." *Grant v. Trial Court*, 2025 U.S. App. LEXIS 11261, *9 (1st Cir. May 9, 2025). As drafted, the buffer zone likely violates Plaintiffs' First Amendment rights.

**THE COURT FURTHER FINDS** that Plaintiffs have shown they will suffer irreparable injury in the absence of injunctive relief. The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). When a plaintiff seeks injunctive relief for "an alleged violation of First Amendment rights, a plaintiff's irreparable harm is inseparably linked to the likelihood of success on the merits of plaintiff's First Amendment claim." *WV Ass'n of Club Owners and Fraternal Srvs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009). Plaintiffs have demonstrated a likelihood of success on the merits of their First Amendment claim, and thus necessarily also establish irreparable harm. *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 15 (1st Cir. 2012).

**THE COURT FURTHER FINDS** that the balance of equities tips in Plaintiffs' favor. This balance tips in a plaintiff's favor whenever the government restricts First Amendment rights. *See Firecross Ministries v. Municipality of Ponce*, 204 F. Supp. 2d 244, 251 (D.P.R. 2002) (holding that "insofar as hardship goes, the balance weighs heavily against Defendants, since they have effectively silenced Plaintiffs' constitutionally protected speech").

**THE COURT FURTHER FINDS** that the requested injunction would be in the public interest. The public interest "favors protecting First Amendment rights." *Kelly v. City of Parkersburg*, 978 F. Supp. 2d 624, (S.D. W.V. 2013); *see also Carey v. FEC*, 791 F. Supp. 2d 121, 135-36 (D. D.C. 2011); *Mullin v. Sussex Cnty., Del.*, 861 F. Supp. 2d 411, 428 (D. Del. 2012). The

public interest is served by issuing an injunction where "failure to issue the injunction would harm the public's interest in protecting First Amendment rights in order to allow the free flow of ideas." *Magriz v. union do Tronquistas de Puerto Rico, Local 901*, 765 F. Supp. 2d 143, 157 (D.P.R. 2011). As narrowed through the course of appellate proceedings, the scope of injunctive relief Plaintiffs request would not harm the government's interests of justice and a fair trial in the Karen Read criminal case, as there is no meaningful likelihood that silent demonstrations outside the courthouse that do not block points of ingress or egress will provide any impediment to these interests.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion is GRANTED.

**IT IS FURTHER ORDERED** that Defendants are enjoined from making any attempt to enforce the Buffer Zone Order against persons who are not (1) intentionally interfering with trial participants' entrance into and exit from the Dedham Courthouse; (2) intentionally interfering with the administration of justice regarding the criminal trial of Karen Read; or (3) intentionally influencing any trial participants in the discharge of their duties. For the sake of clarity, Defendants are enjoined from enforcing the Buffer Zone Order against persons who are silently demonstrating within the buffer zone and doing no more than displaying signs or other images regarding the Karen Read trial. This injunction does not limit enforcement of any noise ordinances, disorderly conduct statutes, or any conduct prohibited by MGL c268 §13B.

**IT IS FURTHER ORDERED** that Defendants are not required to post a bond.

IT IS SO ORDERED:

                                              UNITED STATES DISTRICT JUDGE

                                              DATED: