UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-cv-10770-MJJ

JASON GRANT, ALLISON TAGGART, LISA PETERSON, and SAMANTHA LYONS,

        Plaintiffs,

v.

TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police, MICHAEL d'ENTREMONT, in his official capacity as Chief of Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney,

        Defendants.

## PARTIES' JOINT STATUS REPORT

**PLAINTIFFS' POSITION**

The First Circuit vacated this Court's decision, and ordered it to re-do the preliminary injunction. Instead, we had a status conference in anticipation of a second status conference. Plaintiffs sought emergency relief from the First Circuit, which gave the Defendants 48 hours to do something about their constitutional violations. They really didn't do it, despite pretending to.

Judge Cannone updated the buffer zone order to try and make it look good, but the defense is playing games. Judge Cannone issued a new, vague, and largely unintelligible order, that *seems* to finally conclude with the right language:

"**Quiet, offsite demonstrations on public property, in areas and at times that**

1

> **do not interfere with trial participants' entrance into or exit from the Courthouse, and that do not interfere with the orderly administration of justice, and that are not intended to influence any trial participants in the discharge of their duties are specifically outside the scope of the Buffer Zone restrictions**."

However, the updated injunction is confusingly vague to everyone[1] – especially to the Massachusetts State Police. The First Circuit did not just ask for an update from Cannone, but from all the Defendants. The Order was that *all* defendants-appellees should "*inform the Court what steps the prosecution has taken, if any, in response to the issues raised in its decision*." Instead of doing that, the District Attorney's office and the Massachusetts State Police wrote "*The Massachusetts Trial Court, the District Attorney's Office, and the Massachusetts State Police have been reviewing this Court's decision and actively considering their options moving forward*."

One of the "options" the State Police chose to exercise is to ignore the limitation placed on the Zone. Accordingly, either Cannone changed nothing, in which case Plaintiffs need an injunction to rein in the Zone and its enforcement, or Cannone changed *something*, but the State Police are applying it as if nothing changed, in which case we need an as applied injunction against the State Police.

The State Police threatened Mr. Grant for this sign:

---

[1] The confusion seems intentionally created – as there are a number of "face saving" clauses that Judge Cannone put in the new order, which seem to operate no differently than "whereas" clauses in a contract. If it is not intentional, then it is incompetent. This Court has the power and the responsibility to make it clear to at least the State Police what they can and cannot do. And if the Constitution means anything, it should mean that the Massachusetts State Police do not get to quash messages that offend them and then claim that Judge Cannone licensed their conduct, with the implicit approval of this Court.



Plaintiff Jason Grant sought to stand across the street from the Dedham Courthouse holding an American flag and a Bible verse: 2 Cor. 3:17 ("*Now the Lord is the Spirit, and Where the Spirit of the Lord is, There is Freedom*").  The Massachusetts State Police applied Judge Cannone's new, *still ultra vires order*, to prohibit *this*.  If that is not a sign that we desperately need this Court to *do something other than wait*, then perhaps the Constitution is simply lost.

Plaintiffs again request that this Court take action.  The Zone is unconstitutional and Defendant Noble has failed to ensure that even the gloss of the *mens rea* requirement newly instituted by Defendant Cannone is abided.  Due to the fact that this is an ongoing violation, Plaintiffs have requested that the First Circuit order this Court to enjoin Noble to ensure his subordinates abide the Constitution, but the First Circuit has not done so as of the time of this document's drafting.

**STATE DEFENDANTS' POSITION**

On May 15, 2025, the Superior Court (Cannone, J.) issued a Supplemental Order Regarding the Buffer Zone ("Supplemental Order"). (Copy attached as Ex. 1). Since the issuance of the Supplemental Order, Plaintiffs have not amended their Complaint.

On May 18, 2025, the First Circuit denied Plaintiffs' Emergency Motion for Clarification and to Enforce this Court's May 9, 2025, Judgment. (Copy attached as Ex. 2).

In the decision issued on May 9, 2025, the First Circuit ordered that this case be remanded "for further proceedings to determine how the Order has been interpreted and applied and whether the lack of a mens rea requirement renders the Order insufficiently tailored." (Doc. 51 at 11). Thus, there are two issues to be considered on remand: (1) How has the March 25, 2025, buffer-zone order been interpreted and applied to the Plaintiffs; and (2) whether the lack of a mens rea requirement renders the Order insufficiently tailored.

Since Plaintiffs bear the usual burden of showing their entitlement to the extraordinary remedy of preliminary injunctive relief to enjoin the March 25, 2025 buffer-zone order, they need to make a showing of how that order has been interpreted and applied to them. Additionally, since the burden is theirs, Plaintiffs should be required to brief whether the lack of a mens rea requirement renders the March 25, 2025 order insufficiently tailored.[2]

Moving forward State Defendants propose the following schedule: (1) Plaintiffs submit their supplemental filings, if any, by Friday, May 23, 2025; (2) State Defendants submit their supplemental opposition papers by Friday, May 30, 2025. A further hearing should then be scheduled by the Court.

---

[2] Since the superior court has issued its Supplemental Order, it is unclear whether this portion of the inquiry is now moot.

Dated: May 19, 2025.                                Respectfully Submitted,

/s/ Marc J. Randazza                                /s/John R. Hitt
Marc J. Randazza, BBO# 651477                       Thomas Bocian, BBO # 678307
mjr@randazza.com, ecf@randazza.com                  John R. Hitt, BBO# 567235
Jay M. Wolman, BBO# 666053                          Gabriel Thornton, BBO # 674402
jmw@randazza.com                                    Emily Rothkin, BBO # 711591
RANDAZZA LEGAL GROUP, PLLC                          Emily Swanson, BBO #711679
30 Western Avenue                                   Assistant Attorneys General
Gloucester, MA 01930                                Office of the Attorney General
Tel: (978) 801-1776                                 One Ashburton Place
                                                    Boston, MA 02108-1698
Mark. Trammell                                      (617) 727-2200
(*Pro Hac Vice*)                                    thomas.bocian@mass.gov
Center for American Liberty                         john.hitt@mass.gov
P.O. Box 200942                                     gabriel.thornton@mass.gov
Pittsburgh, PA 15251                                emily.rothkin@mass.gov
Tel: (703) 687-6200                                 emily.swanson@mass.gov
MTrammell@libertyCenter.org
                                                    Attorneys for State Defendants
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have today, May 19 , 2025, served this Joint Status Report by ECF.

                                                                /s/ John R. Hitt
                                                                 Assistant Attorney General
                                                                 Massachusetts Attorney General's Office