COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                               SUPERIOR COURT
                                                           CRIMINAL ACTION
                                                           22-00117

COMMONWEALTH

vs.

KAREN READ

### SUPPLEMENTAL ORDER REGARDING THE BUFFER ZONE

    The court is in receipt of the decision of the United States Court of Appeals for the First Circuit in *Grant* v. *Trial Ct. of Commonwealth of Massachusetts*, No. 25-1380 (1st Cir. May 9, 2025) (hereinafter "The Decision"). To simplify any potential First Amendment issues related to the Buffer Zone restrictions implemented by prior orders, this court, guided by the Court of Appeal's suggestion set out on page 12 of The Decision, issues the following supplemental order regarding the Buffer Zone:

    First, for all the reasons cited in support of prior orders and based upon the parameters of the dispute as narrowed and described in the Decision, all orders of this court remain in place insofar as they apply to Courthouse property.

    Second, prior orders remain in place as applied to pathways – including public sidewalks and roads – through which and at which times trial participants enter and exit the Courthouse.

    Third, noisy protests, including those using amplified sound, honking horns or loud screaming and yelling that are intended to interfere with the administration of justice or are intended to influence any judge, juror, witness, or court officer in the discharge of his or her duties are prohibited within the buffer zone.

    Fourth, the display of written or graphic materials that are intended to interfere with the administration of justice or are intended to influence any judge, juror, witness, or court officer in the discharge of their duties are prohibited within the buffer zone.

    Fifth, any person whose activity has been restricted by an officer enforcing this order may request review by a judge of the Superior Court, which request shall be heard as expeditiously as possible.

    Quiet, offsite demonstrations on public property, in areas and at times that do not interfere with trial participants' entrance into or exit from the Courthouse, and that do not interfere with the orderly administration of justice, and that are not intended to influence any trial

participants in the discharge of their duties are specifically outside the scope of the Buffer Zone restrictions.

**SO ORDERED**

Date:  May 15, 2025

Beverly J. Cannone
Justice of the Superior Court