UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON GRANT, ALLISON TAGGART, LISA PETERSON, and SAMANTHA LYONS,<br><br>        Plaintiffs,<br><br>    v.<br><br>TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police; MICHAEL d'ENTREMONT, in his official capacity as Chief of the Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney,<br><br>        Defendants. | Civil Action No. 1:25-cv-10770-MJJ |

**PLAINTIFFS' SUPPLEMENTAL BRIEF
IN SUPPORT OF PRELIMINARY INJUNCTION**

    By happenstance, the Karen Read trial is ongoing. If this were the George Zimmerman/Trayvon Martin case, it would have been over.[1] Same, too, with the Derek Chauvin/George Floyd trial.[2] The only reason the government has not managed to cleverly moot this case is because the Karen Read trial is so long. This is not how the rule of law works.

    The Commonwealth's tactics in this case are aimed at protecting the government's actions from any meaningful review at all – compounding their lack of respect for due process. This case has the opportunity to stand for a reaffirmation of the First and Fourteenth Amendments, or it will stand for something much more sinister. If the government gets its way, as it has so far, this case

---

[1] 19 calendar days from opening statements to verdict.
[2] 22 calendar days from opening statements to verdict.

will be *the* exemplar to use when the government wants to ensure that violations of the First and Fourteenth Amendments are unreviewable: Set up a buffer zone (with no power to do so) in a proceeding in which those affected have no opportunity to be heard, then just get things done before constitutional relief can be obtained. Plaintiffs need this Court to send a clear message that what Judge Cannone and the police did (and continue to do) is improper, else this case will find itself in law school textbooks and CLE materials for the lesson that *rights don't matter*. Or, instead, it can be studied to show that the federal judiciary is here to protect our rights from incursion. That the Constitution limits government abuse, and it is not something the government uses as its playmate in a game of "hide and seek." That is what it has done so far, and it is time for it to at long last… *stop*. An injunction must issue.

**1.0     How We Got Here**

Plaintiffs' motion for preliminary injunction is pending. (ECF No. 2). Although the Court previously denied it (ECF No. 38), the First Circuit vacated that Order. (ECF Nos. 51 & 52). Specifically, the First Circuit said:

> The [Buffer Zone] Order, by contrast, seems to lack a *mens rea* requirement -- i.e., it likely applies equally to speech directed toward random passersby and speech directed toward trial participants. And Plaintiffs do not appear to ask us to allow them to engage in the latter type of speech: At oral argument, they indicated that they seek only to engage in quiet, offsite demonstrations on public property, in areas and at times that do not interfere with trial participants' entrance into and exit from the Courthouse, that do not interfere with the administration of justice, and that will not influence any trial participants in the discharge of their duties.
>
> These fresh clarifications bring into focus Plaintiffs' argument that *Cox's* tailoring holding should not control this case. With Plaintiffs' position now clarified, we think it prudent to vacate (but not reverse) the district court's denial of a preliminary injunction and remand this case for further proceedings to determine how the Order has been interpreted and applied and whether the lack of a *mens rea* requirement renders the Order insufficiently tailored. *Cf. Welch v. Shultz*, 482 F.2d 780, 783, 157 U.S. App. D.C. 191 (D.C. Cir. 1973) (per curiam) (remanding a case for "definition and examination afresh on an up-to-date factual record").

*Grant v. Trial Court*, No. 25-1380, 2025 U.S. App. LEXIS 11261, at *9 (1st Cir. May 9, 2025). Rather than undertake a further proceeding for that determination, the Court stayed the matter to give Judge Cannone an opportunity to act. She refused the opportunity. So, another trip the First Circuit gave her 48 hours in which to do it. Instead of addressing the constitutional infirmities in her *ultra vires* actions, she made things *worse*.

On May 15, 2025, Judge Cannone issued a "Supplemental Order Regarding the Buffer Zone" (ECF No. 61-1). She refused to vacate the prior orders. The Supplemental Order, instead, did as follows:

1) Maintained in place prior orders *vis a vis* Courthouse property. (Plaintiffs bring no challenge to any exercise of authority on actual Courthouse property.)

2) Maintained in place prior orders as to pathways, including sidewalks and roads, through which trial participants enter and exit the courthouse. (To the extent it restricts speech on traditional public forums and is not merely about ensuring unimpeded access, Plaintiffs contest this provision, but would not have had this provision comported with *McCullen v. Coakley*, 573 U.S. 464 (2014) – and simply provided that trial participants could not be impeded nor interfered with by any demonstrators. That is all the Constitution allows.)

3) Prohibited noisy protests intended to interfere with the administration of justice or influence any judge, juror, witness, or court offer in the discharge of duties within the buffer zone. (If this were merely enforcement of existing noise ordinances or G.L. c. 268, §§ 13A & 13B, Plaintiffs would not contest it, but it does not appear the Massachusetts State Police are abiding it.)

4) Prohibited display of written or graphic materials intended to interfere with the administration of justice or influence any judge, juror, witness, or court offer in the

discharge of duties within the buffer zone.  (This is simply G.L. c. 268, §§ 13A & 13B. If this were merely *enforcement* of G.L. c. 268, §§ 13A & 13B, Plaintiffs would not contest it, but it does not appear the Massachusetts State Police are abiding it.)

5) Established a post-deprivation procedure for "review" of restrictions of activity by law enforcement, which did not provide for immediate, only "expeditious" review.  (Plaintiffs challenge this as it should be a pre-deprivation procedure and it is vague as to what, if any, relief can actually be granted.  By pre-deprivation, Plaintiffs mean that the Police should not have *carte blanche* to harass and arrest, then the speakers must seek review.  If the Police want to suppress speech, then *they* should have to run in to court and request a ruling that the speech is unlawful.  That is how due process works.)

Judge Cannone's order purports to, by the undersigned's reading, to carve out "[q]uiet, offsite demonstrations on public property, in areas and at times that do not interfere with trial participants' entrance into or exit from the Courthouse, and that do not interfere with the orderly administration of justice, and that are not intended to influence any trial participants in the discharge of their duties[.]"  Of course, with this carve out, then what is the purpose of the rest of this "supplemental order" but to create confusion and to give unlimited license to the State Police to engage in draconian measures against citizens and journalists?  If that was not the intent, it certainly was the effect – as the State Police have told all protesters, "nothing has changed." *See* **Exhibit A**, Declaration of Jason Grant ("Grant Decl.") at ¶ 8.

The Massachusetts State Police, under the direction of Defendant Noble, have been ignoring this carve out without consequence, acting as judge and executioner of any speech that offends the police.

### 1.1 Freedom of Speech is Still Shut Down

The Supplemental Order failed to restore constitutional order. On May 16, 2025, just the day after the Supplemental Order was issued, Massachusetts State Police threatened Plaintiff. Grant for this sign and barred him from protesting with it:



Jason Grant sought to stand across the street from the Norfolk Superior Courthouse holding an American flag and a Bible verse: 2 Corinthians 3:17 ("Now the Lord is the Spirit, and Where the Spirit of the Lord is, There is Freedom"). The Massachusetts State Police denied him access to a traditional public forum, applying the Court's Buffer Zone Order to now prohibit purely patriotic and/or religious speech. *See* Grant Decl. at ¶¶ 4-5.

*Let that sink in...*

A citizen wanted to hold a **Bible verse about freedom** on a public sidewalk, and the Massachusetts State Police would not allow it. If the buffer zone prohibits this much speech, then the buffer zone is unconstitutional and must be struck down. If the buffer zone does not prohibit this, then the buffer zone is being applied unconstitutionally and the way the State Police are enforcing it must be enjoined. The absence of either form of relief is simply a declaration to the

world that the United States' Constitution nothing but meaningless words on paper, that have no effect if they cause the slightest discomfort to power.

As further proof that there is desperate need of a clear gavel bang that wakes the Constitution from its deep slumber here, we present the case of Erica Walsh. On May 19, 2025, Ms. Walsh was arrested for "trespassing" despite being on a public sidewalk, merely for wearing a sweatshirt that says, on the back, "Criminals Control Norfolk County." **Exhibit B** (Video of Arrest); Grant Decl. at ¶ 6. Walsh was charged under a) G.L. c. 268, § 13A despite the shirt not being a picket nor was she parading; b) G.L. 266, § 120, for alleged trespass, despite public sidewalks not being within the statute's purview; and c) G.L. 272, § 53, for allegedly disturbing the peace for simply wearing the sweatshirt. *Comm. v. Walsh,* Docket No. 2554CR000636 (Dedham Dist. Ct.) As she was thrown in a cage for wearing this shirt, while in Norfolk County, *res ipsa loquitur.* The Constitution *should* control instead.



The Commonwealth refuses to voluntarily dismiss the charges. The charges are pretextual and retaliatory; she had a lawful right to be present—it is solely based upon wearing the sweatshirt within the buffer zone. *See* **Exhibit C** (Incident Report).[3] As the Incident Report indicates, the State Police are ignoring the Supplemental Order's purported limitations focusing only on demonstrations, even quiet ones, within the ambit of the Second Buffer Zone Order. *Id.* They

---

[3] Trooper Welsh is projecting his imagination in its report. He claims that this incident was "planned" but the only purported evidence is that she wore her clothing in defiance of a prior unlawful order to remove it, and that others were present, which is not evidence of anything. Moreover, the Court can take judicial notice that, contrary to the falsehoods in the report, Ms. Walsh was never previously charged regarding her attire.

concocted the notion that she was intending to "picket in front of the courthouse" merely because she chose to defy the State Police's unconstitutional warning. As the Court is aware, she was previously forced to walk through the buffer zone in a bra because she had been wearing it. (ECF No. 56-1). "Criminals Control Norfolk County" on a sweatshirt is not a picket, and it was away from the courthouse.[4]  No known trial participants were present. She was arrested where she stood, allegedly trespassing (Grant Decl. at ¶ 7):



---

[4] The police report adds that she had a hat with "FKR" But, this was not directed to the trial participants and she was never actually warned about the hat. Moreover, "FKR" only means "Free Karen Read" to persons like Plaintiffs; no proper juror would have any idea what it meant. Moreover, no jurors were present and none could have seen the hat, nor the shirt, for that matter.

### 1.2 Freedom of the Press is Still Shut Down

The right to protest is not the only fundamental right that has fallen, and that is awaiting this Court's exercise of its proper, due, and just powers to protect. The freedom of the press is also begging for this Court to rescue it from the government's overbearing lockdown.

On May 19, 2025, Thomas Derosier was peacefully filming the exterior of the Norfolk Superior Courthouse from across Pearl Street: S*ee* **Exhibit D** (Derosier Video).[5] One Massachusetts State Trooper said "ok" as to where Derosier was standing, Nevertheless, Massachusetts State Trooper Sgt. Michael Hardman suddenly snapped and assaulted Derosier.[6] He violently grabbed Derosier by the  arm, injuring him, and dragged him across High Street (now catty-corner from the courthouse). This injury required medical attention.



Hardman had neither lawful reason nor probable cause to attack Derosier. The Supplemental Order does not restrain Hardman and no other State Trooper interceded to tell Hardman he was out of line. In fact, all present Troopers assisted in the assault.

//

//

---

[5] Excerpted from https://www.youtube.com/live/2EiEQfGvMtI?si=lmtrWEyvlzUZkpDV
[6] This is reminiscent of the facts in *Cox v. Louisiana* where the government gave a protester permission to protest in a buffer zone (that had a *mens rea*, and was imposed with proper powers, unlike the unconstitutional one here) and then arrested him for violating the zone.

**1.3     State Court Review is Illusory**

The Supplemental Order seems to try and short-cut these proceedings by providing post-deprivation review.  While this is improper, and individual judges cannot simply invent new procedures, Mr. Grant and the plaintiffs in the two related cases played along.  A hearing was held on May 20, 2025, before a Norfolk Superior Court judge.  However, this "hearing" process had no clear mandates nor apparent power, and as of the time of this filing, there is no order that clarifies nor cleans up any of these problems.

**2.0     The Ongoing Problems and What We Need**

The purported review procedure is insufficient and the State Police, under Defendant Noble, has granted blanket authority to Sgt. Hardman to injure and arrest anyone he doesn't like.  This needs to be restrained.  The buffer zone remains constitutionally deficient both on its face and as applied by the State Police.  Mr. Grant and the other plaintiffs, based on the experiences of Grant, Derosier, and Walsh, remain chilled in their First Amendment expression[7].  This Court must issue a preliminary injunction enjoining the buffer zone's existence and its enforcement.

The First Circuit noted that "the state court could, entirely of its own volition, further simplify any potential First Amendment issues by amending the Order to introduce a *mens rea* requirement as in *Cox* and Mass. Gen. Laws ch. 268, § 13A (2025) – *i.e.*, by limiting the Order to demonstrations directed toward interfering with the administration of justice or influencing trial participants." 2025 U.S. App. LEXIS 11261, at *10.  Of course, this is nothing more than G.L. c. 268, §§ 13A & 13B – already existing law.  Thus, simply *rescinding* the buffer zone was the *right thing to do,* since any speech that can be limited in the zone is already limited from North Adams to Provincetown – by G.L. c. 268, §§ 13A & 13B.  And anything beyond that is Constitutionally

---

[7] Of course, the rest of the public is chilled as well.

protected, and unnecessary to ban. So what is the purpose of the buffer zone? Nothing but to give license to the police to rough up journalists and citizens alike.

Nevertheless, this Court gave Judge Cannone more time than necessary to do *something* – and she only did so after the First Circuit told her she had received adequate grace already. Only then, she gave lip service to amending the order to introduce a *mens rea* requirement. But, Judge Cannone failed to limit her order to demonstrations directed to interference with the administration of justice or influencing trial participants, and **defiantly declared in that same order that her prior orders remained entirely in effect**. She claims that she changed nothing, and so do the State Police! Judge Cannone is not following the Constitution. And the State Police certainly have no intent in changing their ways on a mere suggestion. It will take an *order from a federal court.*

At least one of the following is true: a) the Buffer Zone Order, as supplemented, continues to empower the Massachusetts State Police, under the second clause (the pathways provision), to arrest demonstrators for their mere presence anywhere within the 200+ feet of the buffer zone on sidewalks a trial participant *might* use, in violation of *McCullen v. Coakley*, *supra* (holding even a 35 foot buffer zone unconstitutional); and/or b) Defendant Noble's officers are acting lawlessly, in disregard of the carve out.

Plaintiffs are entitled to ***pre-deprivation review*** of infringements upon their First Amendment rights – not post deprivation criminal proceedings. Earlier this year, the First Circuit neatly laid out the issues regarding both pre- and post-deprivation review and the Supplemental Order fails both. As set forth in *3137, LLC v. Town of Harwich*:

> Where state procedures -- though arguably imperfect -- provide a suitable form of **predeprivation** hearing coupled with the availability of meaningful judicial review, the fourteenth amendment guarantee of procedural due process is not embarrassed." *Chongris*, 811 F.2d at 40 (citing *Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822, 829-30 (1st Cir. 1982)). As also relevant here, the *Parratt-Hudson* doctrine -- as developed in part in *Parratt v. Taylor*, 451 U.S. 527420 (1981) --

>provides: "When a deprivation of a property interest is occasioned by random and unauthorized conduct by state officials, . . . the due process inquiry is limited to the issue of the adequacy of the postdeprivation remedies provided by the state." *Hadfield v. McDonough*, 407 F.3d 11, 19 (1st Cir. 2005) (quoting *O'Neill v. Baker*, 210 F.3d 41, 42 (1st Cir. 2000)).

126 F.4th 1, 12 (1st Cir. 2025) (emphasis added). Here, there is no pre-deprivation procedure—Grant, Derosier, and Walsh all had their free speech and assembly rights infringed without a pre-deprivation hearing. As the Court will recall, Judge Cannone, inventing legislative authority over acres beyond the courthouse, and without personal jurisdiction over the individuals to be affected (and not even an opportunity to intervene), declared the buffer zone without notice to Plaintiffs or opportunity to be heard. *See* ECF No.3 at § 3.2.3, incorporated herein by reference. Plaintiffs had no pre-deprivation hearing then. And Plaintiffs will have no pre-deprivation hearing should Hardman or another state police officer under Defendant Noble's control order them from the buffer zone, assault them, or arrest them for quiet, First Amendment-protected speech. The constitutionally permissible thing to do here is to presume that all speech is protected unless it falls into a narrowly pre-established category of prohibited speech. If the State Police want to stop someone from, perhaps carrying a Bible verse into the buffer zone, they should be required to seek pre-deprivation permission.

    The post-deprivation remedy is inadequate—the "review" procedure in the Supplemental Order cannot turn back time. Jason Grant will never again be able to hold his sign where he was on May 15. Thomas Derosier will never again be able to film the events of May 19 he was barred from filming. Erica Walsh will never be able to wear her sweatshirt across from the courthouse for the rest of May 19. There is nothing post-deprivation review can do—that's why the Supreme Court found that "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

RANDAZZA | LEGAL GROUP

Even were the Court to overlook the fact that violations of First Amendment rights can never be undone, the so-called "review" is far from adequate. Immediately after Erica Walsh was arrested, undersigned counsel attempted to file a request for review, but non-parties cannot directly file to the *Read* case. Attorney Randazza went to the Norfolk Superior Court Clerk's office and no judge was called for expeditious review that afternoon; the Court will note that Attorney Randazza participated in the remote conference on Monday May 19 from an empty courtroom within the Norfolk Superior Courthouse, where he waited for hours without any expeditious review. And the "review" came and went with no outcome.

It should be noted that, if Judge Cannone truly were concerned with potential noise and that was not just a pretext, she could have held the second *Read* trial in *that* courtroom or any courtroom other than the one it presently is in, where it is the only courtroom that is exposed to outside noise. She already moved the Karen Read trial from its original courtroom to a diminutive courtroom facing High Street. Why not move it to one of the empty courtrooms that only overlook alcoves that are entirely court property? She seems to have moved the trial to a courtroom that would be the most exposed to any noise, then slammed down her gavel on the skull of the First Amendment to purportedly avoid that foreseeable noise.

Narrow tailoring, thus, could have included relocation of the trial itself to available courtrooms more insulated from noise. Judge Cannone cannot point to a problem of her own making and then violate the constitution as a purported fix. Moreover, noise was not actually a problem during the first trial. One Juror testified to this (ECF No. 54-1), but Judge Cannone never entertained evidence that would undermine the narrative from Hardman and another unnamed juror that noise was a problem. (And even that juror did not say it interfered with deliberations or

influenced them.)[8] That is, narrow tailoring must be to the government interest, but the noise did not actually relate to the expressed government interest—a fair trial. Judge Cannone's Supplemental Order either prohibits more than what the state and town deem lawful noise, and goes further than what G.L. c. 268, §§ 13A & 13B already prohibit, or her order is meaningless drivel. If it prohibits more, then it is not narrowly tailored—existing law is sufficient, as it was for the *Tsarnaev* trial. If it prohibits no more, then the State Police must be restrained in their overzealous enforcement.

Similarly, if the prohibition on written and graphic materials prohibits more than what G.L. c. 268, §§ 13A & 13B already prohibit, such as Bible verses (Grant) and speech decrying government corruption (Walsh), then Judge Cannone failed in her narrow tailoring. And if it prohibits no more than what existing law does, then Defendant Noble must be forced to obey the law and respect the constitutional rights of citizens.

The carve out fails to serve its purported purpose. Noble authorized Hardman (whose own declaration was used by Judge Cannone to reinstitute and expand the buffer zone) to set up a dictatorship in the buffer zone. Hardman is the one who assaulted Derosier. Hardman arrested Walsh. Hardman caused another citizen to be cited a month prior for a motor vehicle violation, despite having initially only been given a warning, because the citizen then said "Fuck the Police."[9]

---

[8] "I heard noise from outside while in the jury room on less than a handful of occasions and never heard any noise inside the courtroom. The noise was no more disruptive than normal traffic passing by or first responders who were forced to use more sirens than usual while serving the citizens of Dedham as they passed through traffic caused by State Police vehicles around the perimeter of the courthouse. I could not make out any words, only cheers similar to what you would hear at a sporting event" ECF No. 54-1 at 24 ¶ 6.

[9] *See* https://x.com/massaccountabi1/status/1907901401591853141?s=46&t=s6n_yqPcH1CbLiDEdVIYSQ

Hardman is the one who assaulted Bao Nguyen for doing nothing more than filming in a public place.[10]

If anything, Defendant Noble must be enjoined to restrain Hardman's lawlessness and personal vendettas that chill Plaintiffs' speech, because Hardman *seems* to be using the buffer zone as his own personal zone to act out every unconstitutional fantasy he has. However, this cannot all be blamed on Hardman – Noble certainly has endorsed his actions, as no matter how many lawsuits are filed over Hardman's actions, Noble seems to have no concerns at all. But at the very least, relieving Hardman from this particular duty just might calm things down.

## 3.0    Injunctive Relief to be Issued

The Supplemental Order has done nothing to restrain the unfettered latitude Judge Cannone gave the Massachusetts State Police in the Second Buffer Zone Order. The First Circuit and this Court allowed Judge Cannone to rein them in and narrowly tailor her order. She refused. The time for waiting is over. The whole country is watching this trial and, now, what *this* Court is doing. This Court can either restore the Constitution in Dedham or provide a blueprint for suppressing criticism of the government. Whichever the outcome, it will be a national civics lesson at a time when the United States is crying out for someone to restore the rule of law. Can we simply see our freedoms from afar, but once we approach them closely enough to reach for them and use them, they turn to sand? This Court has the privilege and honor of proclaiming that the vision of a free people is not merely a mirage. Or this Court can play the part of letting us all drink sand to quench our thirst for Liberty.

Just as Paine's "*Common Sense*" and Hamilton's "*A Farmer Refuted*" were read aloud in public spaces in the cradle of liberty, so, too, must peaceful assembly and demonstration, with

---

[10] *See* https://x.com/MassAccountabi1/status/1915083208447946789

messages that criticize the government be allowed. Plaintiffs are likely to succeed on the merits, they are facing irreparable harm, and the equities and public interest favor Plaintiffs' First Amendment rights.

In light of the foregoing, Plaintiffs respectfully request this Honorable Court enter an order granting their motion for preliminary injunction (ECF No. 2) and enjoining the Second Buffer Zone Order, and the enforcement thereof, in its entirety. It was entered with no power to do so, and the government has never provided a shred of authority to support that assertion of power. It was entered without due process, and post-deprivation illusory proceedings have not cured that problem. There are existing laws that stand in the way of any evil that the buffer zone could charitably be seen as combating. *See, e.g.*, G.L. c. 268, §§ 13A & 13B and 310 CMR 7.10. The only thing that the buffer zone does is give the police the wide latitude to act like thugs and to crack down on anti-government speech.

If this Court will not strike down the zone in its entirety, it should at the very least enjoin Defendant Noble, directing him to reassign Hardman, and limit the remaining State and local police to enforcement of the Buffer Zone order to be coextensive with G.L. c. 268, §§ 13A & 13B, and any other law they would have ordinarily enforced prior to the *Read* case. Further, should any officer see a reason to seek to suppress any speech within the zone, absent an obviously exigent circumstance (like threats of violence) they should be the ones required to seek approval from a court, not the other way around.

Dated: May 20, 2025.                                    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477                           Mark Trammell
mjr@randazza.com, ecf@randazza.com                      (*Pro Hac Vice*)
Jay M. Wolman, BBO# 666053                              Center for American Liberty
jmw@randazza.com                                        P.O. Box 200942
RANDAZZA LEGAL GROUP, PLLC                              Pittsburgh, PA 15251
30 Western Avenue                                       Tel: (703) 687-6200
Gloucester, MA 01930                                    MTrammell@libertyCenter.org
Tel: (978) 801-1776

                                                        Attorneys for Plaintiffs.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Marc J. Randazza
Marc J. Randazza