UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-cv-10770-MJJ

JASON GRANT, ALLISON TAGGART, LISA PETERSON, and SAMANTHA LYONS,

    Plaintiffs,

v.

TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police, MICHAEL d'ENTREMONT, in his official capacity as Chief of Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney,

    Defendants.

**STATE DEFENDANTS' SECOND SUPPLEMENTAL**
**<u>PRELIMINARY INJUNCTION OPPOSITION</u>**

Pursuant to the Court's order of May 19, 2025, the State Defendants submit this second supplemental opposition to address Plaintiffs' latest arguments and submissions filed on May 20, 2025.

Plaintiffs now seek the following preliminary injunctive relief:

- "[E]njoining the Second Buffer Zone Order, and the enforcement thereof, in its entirety." (Doc. 67 at 15).

- "If this Court will not strike down the zone in its entirety, it should at the least enjoin Defendant Noble, directing him to reassign Hardman, and limit the remaining State

1

and local police to enforcement of the Buffer Zone order to be coextensive with G.L. c. 268, §§ 13A & 13B and 310 CMR 7.10." (Doc. 67 at 15).

The Court should not enter this preliminary injunctive relief for at least the following ten reasons.

First, the preliminary injunction now being sought in this case goes well beyond the relief stated in the Complaint. The *only* preliminary injunctive relief requested in the Complaint was "[a] preliminary . . . injunction enjoining each Defendant from interfering with Plaintiff's right to lawfully engage in constitutionally protected expression and activity in Dedham, Massachusetts." (Doc. 1, Prayer for Relief, ¶ C).[1]

Second, 42 U.S.C. § 1983 expressly prohibits this Court from preliminarily enjoining the superior court's buffer-zone orders. Section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiffs allege neither the violation of a declaratory decree, nor the unavailability of declaratory relief (in fact, they seek declaratory relief in the complaint). Thus, Plaintiffs' claim for preliminary injunctive relief is barred by § 1983. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999); *see also Brown v. Rhode Island*, 511 F. App'x 4, 6 (1st Cir. 2013) (per curiam).

---

[1] Indeed, Plaintiffs' current and very broad position is at odds with the one they presented to the First Circuit. As the First Circuit noted, Plaintiffs there disclaimed any challenge to the buffer-zone order "as applied to Courthouse property," "along the pathways -- including public sidewalks and roads -- through which trial participants enter and exit the Courthouse," and any "noisy protest." *Grant v. Trial Court of Commonwealth of Massachusetts*, -- F.4th --, 2025 WL 1355193, at *2 (1st Cir. May 9, 2025). To the extent Plaintiffs now distance themselves from the "fresh clarifications," *id*. at *4, that prompted the First Circuit to order a remand, their arguments should not be countenanced.

<u>Third</u>, the alternative preliminary injunctive relief sought by Plaintiffs (i.e., to have Sergeant Hardman reassigned and to limit how the Massachusetts State Police enforce the buffer-zone orders) is barred by the principles set forth in *Los Angeles v. Lyons*, 461 U.S. 95, 107-113 (1983), under which a plaintiff generally lacks standing to seek forward-looking injunctive relief based on a discrete episode of past harm, absent extraordinary circumstances not present here. Any alleged past violations of individuals' constitutional rights are resolved by litigation on the merits in the normal course, not by way of the extraordinary remedy of preliminary injunctive relief.

<u>Fourth</u>, the preliminary injunction record in this case does not show that the four named individual plaintiffs in this case have suffered any cognizable harm based on the actions of the Massachusetts State Police. The allegations in the Verified Complaint still do not rise to the level needed to show that Plaintiffs are entitled to preliminary injunctive relief. Only Plaintiff Jason Grant has submitted a declaration alleging an actual violation of his First Amendment rights on May 16, 2025. *See* Doc. 67-1. However, as the set forth in the Affidavit of Michael Hardman, which has been filed in support of this supplemental opposition, since later in the day on May 16, 2025, Mr. Grant has actually been allowed to hold his sign and stand quietly on the public sidewalk outside of the courthouse. Hardman Aff. ¶ 16. Therefore, given this change in facts on the ground, his declaration does not support the entry of preliminary injunctive relief. Additionally, the superior court's decision allowing, in part, Mr. Grant's request for relief comports with the existing interpretation of the buffer-zone order. Beatty Aff. Exh. 1.

<u>Fifth</u>, since Mr. Grant and the other nonparties in this action, Mr. Derosier and Ms. Walsh, have availed themselves of the state-court process for challenging actions taken to enforce the buffer-zone order, *Younger* abstention bars their claims in this Court. *See Younger v.*

*Harris*, 401 U.S. 37, 43-45 (1971); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432-33 (1982) (*Younger* abstention applies when the parallel state proceeding is judicial in nature, implicates important state interests, and affords an adequate opportunity to raise constitutional defenses); *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 34 (1st Cir. 2004) ("once a state judicial proceeding has begun, the exhaustion of state judicial remedies was required *by Younger*" (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)). Each of these individuals has availed themselves of the relief available in superior court concerning the enforcement of the buffer-zone as to them, which they are also challenging in this Court.

<u>Sixth</u>, Mr. Deroiser and Ms. Walsh are not Plaintiffs in this case. Each of them has filed separate Federal court actions. Their claims should be adjudicated in their respective cases and not here.[2]

---

[2] In any event, although Mr. Deroiser is not a plaintiff in this case his separately docketed case is assigned to this Court. Therefore, it is noted here for the Court's convenience that Mr. Derosier received relief from the superior court insofar as it found that his "peacefully filming the courthouse exterior from across the street" does not violate the buffer-zone order. Additionally, Ms. Walsh has filed a case in this court that is currently assigned to Judge Stearns. As of the time of this filing, upon information and belief, Ms. Walsh has not served summonses, complaints, or any other papers in her action.

Ms. Walsh, like Mr. Derosier and Mr. Grant, has been heard by the superior court on her buffer-zone appeal (to be clear this is separate and apart from the pending state-court criminal charges against her). In contrast to Mr. Derosier and Mr. Grant, Ms. Walsh was found in violation of the buffer-zone order. As of this filing, she has not yet appealed the superior court decision. Although criticism of public officials, like judges, is permitted under the First Amendment, speech that criticizes a specific proceeding may interfere with the administration of justice. *See, e.g.*, *State v. Hauge*, 829 N.W.2d 145, 152 (S.D. 2013) (rejecting defendant's request to view his residence where "jurors would have had to walk past a sign disparaging the trial judge, sheriff, and prosecuting attorney, which could have influenced the jurors improperly"). Clothing with the phrase "Criminals Control Norfolk County" may be bought on the Microdots store, a website that sells a variety of clothing expressing support for Karen Read. *Norfolk County – Unisex Hoodie*, Microdots, https://dropmicrodots.com/products/microdots-criminals-control-norfolk-county-unisex-hoodie?srsltid=AfmBOope4RTVckXEo2NnkEKkIlGUV5Er1G0Aj9wWD9plvfIx_FuSm8QL

<ins>Seventh</ins>, given the superior court's decision (Doolin, J.) on May 21, 2025, concerning the events on May 16, 2025, which reaffirms Mr. Grant's already by now recognized right to hold his sign quietly on the public sidewalk, Mr. Grant's claim for further preliminary injunctive relief from this Court is now moot.  Beatty Aff. Exh. 1.

<ins>Eighth</ins>, except for Mr. Grant's supplemental declaration (Doc. 67-1), the other named Plaintiffs have made no additional showing concerning how the buffer-zone orders have been interpreted and applied to them, which was the focus of the First Circuit's remand order. Plaintiffs still carry the burden of persuasion that they are entitled to the extraordinary remedy of preliminary injunctive relief.  Plaintiffs Taggart, Peterson, and Lyons have made no showing how the buffer-zone orders have been applied to them.  To the extent Mr. Grant has made a showing by way of his declaration (Doc. 67-1), it is now moot because he has been permitted to protest quietly with his sign.

<ins>Ninth</ins>, the affidavits submitted by Massachusetts State Police Sergeant Michael Hardman, Norfolk County First Assistant Clerk Mary K. Hickey, and Norfolk County First Assistant District Attorney Lisa Beatty in support of this supplemental opposition show that Plaintiffs here still do not have a likelihood of success on the merits of their First Amendment claims or their Fourteenth Amendment due process claims.

Finally, this matter was remanded by the First Circuit "for further proceedings to determine how the Order has been interpreted and applied and whether the lack of a mens rea requirement renders the Order insufficiently tailored."  *Grant*, -- F.4th --, 2025 WL 1355193, at *4.  Since the supplemental order now includes the mens rea requirement that was requested by

---

(last accessed on May 21, 2024) (website to purchase aforementioned sweatshirt as well as other items including clothing with the phrases "Framed" and "Team Read").

5

Plaintiffs' for the first time on appeal before the First Circuit, that portion of the remand is now moot. As to the issue of how the buffer-zone order "has been interpreted and applied," the affidavits of First Assistant Clerk Mary K. Hickey, First Assistant District Attorney Lisa Beatty, and Sergeant Michael Hardman, along with the supplemental buffer-zone order issued by Judge Cannone and the buffer-zone appeals decision issued by Judge Doolin, show that the state-court process is functioning well to strike the difficult constitutional balance between Plaintiffs and other demonstrators' First Amendment rights to peacefully demonstrate outside the courthouse while ensuring that Ms. Read's Sixth Amendment right to a fair trial by an impartial jury is not compromised by those demonstrations.

## CONCLUSION

For the additional reasons set forth above, this Court should deny Plaintiffs' Motion for injunctive relief.

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ John R. Hitt

Thomas Bocian, BBO # 678307
John R. Hitt, BBO# 567235
Gabriel Thornton, BBO # 674402
Emily Rothkin, BBO # 711591
Emily Swanson, BBO #711679
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108-1698
(617) 727-2200
thomas.bocian@mass.gov
john.hitt@mass.gov
gabriel.thornton@mass.gov
emily.rothkin@mass.gov
emily.swanson@mass.gov

Dated: May 22, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I have today, May 22, 2025, served this State Defendants' Supplemental Preliminary Injunction Opposition by ECF.

/s/ *John R. Hitt*
Assistant Attorney General
Massachusetts Attorney General's Office