UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-cv-10770-MJJ

JASON GRANT, ALLISON TAGGART, LISA PETERSON, and SAMANTHA LYONS,

Plaintiffs,

v.

TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police, MICHAEL d'ENTREMONT, in his official capacity as Chief of Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney,

Defendants.

## AFFIDAVIT OF MARY HICKEY

I state the following under oath:

1. I am the First Assistant Clerk Magistrate of the Norfolk Superior Court in Dedham, Massachusetts and have held this position since March, 1991.

2. On Monday, May 19, 2025 at approximately 2:30 p.m. – 3:00 p.m, a court officer approached me and stated that Attorney Randazza had told him that his client, Erica Walsh, had been arrested outside the *Read* trial. Attorney Randazza had told the court officer that he needed a review hearing. I understood this to mean that Attorney Randazza was requesting a review before a Superior Court judge pursuant to the

1

Supplemental Order Regarding the Buffer Zone ("Supplemental Order") in the *Commonwealth v. Read* matter.

3. When the court officer approached me, I was aware of the Supplemental Order issued by Judge Beverly J. Cannone the previous Thursday, May 15, 2025. On Friday, May 16, 2025, discussions were held by staff in the Clerk's office as to the best process for the hearings in light of the current judicial assignments. A final decision had not yet been made when I spoke with Attorney Randazza on Monday, May 19, 2025 about his request for a review hearing

4. After speaking with the court officer, I conferred with Judge Doolin, who concluded that the hearing should not take place *ex parte* and, therefore, notice of the hearing should be given to the Attorney General's Office.

5. I then approached Attorney Randazza and introduced myself. I informed him that the court did not yet have a protocol in place for holding the review hearings provided for in the Supplemental Order but that a hearing would be scheduled and that I would contact him soon as possible. I also provided him with my name and a number at which he could reach me. This was the first I had heard about Attorney Randazza's request for a review hearing on behalf of his client, Erica Walsh. Later in the day, I learned Attorney Randazza's office had sent a Request for Review Per Supplemental Buffer Zone Order to the court's general email box at 2:25 p.m. That submission had been deflected to the court's spam folder and was, consequently, not discovered until late afternoon.

6. On Tuesday morning, May 20, 2025, Judge Doolin informed me that he would hear the cases that day and the Clerk's office scheduled Erica Walsh's review hearing along with two other review hearings requested by Attorney Randazza for noon. A hearing was held

on all three cases at noon on May 20, 2025 and all three matters were taken under advisement.

7. With regard to future requests for hearings, the Regional Administrative Justice ("RAJ") will preside over all requests for reviews. If the RAJ is out of the Court on a particular day, the request(s) will be forwarded to the RAJ for Plymouth County and that Judge will hear the matters himself or it will be scheduled before another Justice in the Plymouth Court as expeditiously as possible.

Signed under the penalties of perjury this 21st day of May, 2025.

*Mary K. Hickey*
Mary Hickey

### CERTIFICATE OF SERVICE

I hereby certify that I have today, May 22, 2025, served this affidavit by ECF.

*/s/ John R. Hitt*
Assistant Attorney General
Massachusetts Attorney General's Office