## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-cv-10770-MJJ

JASON GRANT, ALLISON TAGGART, LISA
PETERSON, and SAMANTHA LYONS,

Plaintiffs,

v.

TRIAL COURT OF THE COMMONWEALTH OF
MASSACHUSETTS, BEVERLY J. CANNONE,
in her official capacity as Justice of the Superior
Court, GEOFFREY NOBLE, as Superintendent of
the Massachusetts State Police, MICHAEL
d'ENTREMONT, in his official capacity as Chief
of Police Department of the Town of Dedham,
Massachusetts, and MICHAEL W. MORRISSEY,
in his official capacity as the Norfolk County
District Attorney,

Defendants.

## **AFFIDAVIT OF FIRST ASSISTANT DISTRICT ATTORNEY LISA BEATTY**

1. I, Lisa Beatty, am an Assistant District Attorney with the Norfolk District Attorney's
   Office. I currently serve as the First Assistant District Attorney-Prosecution.

2.  I have been physically present at Norfolk Superior Court on many days in March, April and May of 2025 during which period Commonwealth v. Karen Read was heard by the court regarding pretrial matters and trial, which commenced on April 1, 2025.

3.  I am aware that buffer zone signs are posted in multiple locations around the perimeter of the buffer zone.

4.  The Dedham Police have implemented a QR code, which when scanned navigates to copies of the court's March 25, 2025, buffer zone order and the court's May 15, 2025, supplemental buffer zone order.

5.  It is my understanding that there is an 8 a.m. daily briefing for law enforcement patrolling the buffer zone. After the May 15, 2025, supplemental order was issued, I was asked by the command staff to attend the briefing to discuss the supplemental order. I attended the briefing on May 16 and 19, 2025.

6.  I have discussed the May 15, 2025, supplemental order with law enforcement at the briefings, on the phone, and at Norfolk Superior Court. We have discussed the need for a mens rea evaluation and making determinations on a case-by-case basis, as well as continuing to educate and de-escalate when speaking with members of the public. I have suggested to law enforcement that in the event they reached the determination that a person was in violation of the judicial orders, they could communicate four options: (1) comply with the request of law enforcement while in the buffer zone; (2) leave the buffer zone area; (3) seek a judicial hearing as expressly provided for in the supplemental order; or (4) potentially be subjected to criminal process. I have specifically discussed the specific portion of the order which says that "[Q]uiet, offsite demonstrations on public property, in areas and at times that do not interfere with trial participants' entrance into or exit from the courthouse, and that do not interfere with the orderly administration of justice, and that are not intended to influence any trial participants in the discharge of their duties are specifically outside the scope of the Buffer Zone restrictions."

7.  I have told Dedham and Massachusetts State Police that I would assist in communicating with the Norfolk Superior Court if an individual indicated they wished to have a judicial hearing. I have further communicated with the staff of Norfolk Superior Court that the Norfolk District Attorney's Office is available to participate in, or facilitate the scheduling of, such hearings. The Norfolk District Attorney's Office has ADAs available to participate in hearings regarding the buffer zone. I attended the May 20, 2025, hearing before Judge Doolin at Norfolk Superior Court, sitting in the audience. The special prosecutor, who is discussed in more detail below, was also present in the audience. The

Superior Court issued its decision on the matters that were the subject of this hearing on May 21, 2025. A true and accurate copy of that decision is attached.

8. On May 16, 2025, I was told that one person had a sign referencing a Bible verse in the buffer zone and a second person was wearing a sweatshirt in the zone which violated the orders. I advised police that they should allow the person to hold the sign in the buffer zone. It is my understanding that after our conversation, police told the person he could hold the sign in the buffer zone.

9. On May 19, 2025, I observed multiple people standing on the sidewalk and across from the courthouse holding signs referring to the Bible. I observed apparent supporters of Karen Read standing on the sidewalk across from the courthouse.

10. I have observed motor vehicles travel by the supporters and honk. I am aware that when motor vehicles honk, it can be heard in the courtroom.

11. I have observed members of law enforcement engaged in conversation with people/protestors. At times the conversations lasted up to approximately twenty minutes.

12. I have observed people holding signs and wearing clothing that expresses opinions about the prosecution of Karen Read or the Massachusetts State Police. They were walking freely through the buffer zone in order to travel from one side to the other without any law enforcement reaction.

13. It is my understanding that only two individuals have been charged with criminal offenses. One individual has been charged on three dates: two summonses and one arrest. Prior to the commencement of trial, the Norfolk District Attorney's Office hired a special prosecutor to prosecute any offenses arising out of the buffer zone.

14. On days or afternoons when the Read trial is not in session, protestors do not appear and law enforcement are not present outside Norfolk Superior Court.

Signed under the penalties of perjury this 22nd day of May, 2025.

/s/ *Lisa Beatty*
First Assistant District Attorney-Prosecution

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have today, May 22, 2025, served this Affidavit by ECF.

*/s/ John R. Hitt*
Assistant Attorney General
Massachusetts Attorney General's Office

Exhibit 1
to
Affidavit of Norfolk County First Assistant District Attorney
Lisa Beatty

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**                                     **SUPERIOR COURT**
                                                     **CRIMINAL ACTION**
                                                     **22-00117**

### COMMONWEALTH

### <u>vs</u>.

### KAREN READ

### <u>MEMORANDUM OF DECISION AND ORDER ON THOMAS DEROSIER'S, JASON GRANT'S, AND ERICA WALSH'S EMERGENCY REQUESTS FOR REVIEW PER SUPPLEMENTAL ORDER REGARDING THE BUFFER ZONE</u>

Before the court are three emergency petitions for review pursuant to the May 15, 2025, Supplemental Order Regarding the Buffer Zone issued by Judge Beverly J. Cannone (Docket No. 692) (Buffer Zone Order). After a hearing and review of the petitioners' written submissions, the petitions of Thomas Derosier and Jason Grant are **<u>ALLOWED</u>** in part and **<u>DENIED</u>** in part, and the petition of Erica Walsh is **<u>DENIED</u>**.[1]

### <u>BACKGROUND</u>

The Buffer Zone Order arose in the context of the *Commonwealth* v. *Read* case, which "has drawn . . . throngs of demonstrators near the Norfolk County Courthouse[,]" including "loud protests and the display of materials directed toward trial participants . . . ." *Grant* v. *Trial Ct. of Mass.*, U.S. Ct. App., No. 25-1380, slip op. at 3 (1st Cir. May 9, 2025). Intended to ensure a fair trial with an impartial jury, the Buffer Zone Order, which supplements a prior order dated March 25, 2025 (Docket No. 630), generally limits demonstrations at the Norfolk County Courthouse and within a "buffer zone" surrounding the courthouse during the *Read* trial. Among other things, the Buffer Zone Order prohibits within the buffer zone "noisy protests" and "the

---

[1] The Office of the Attorney General was notified of the petitions but did not file a response or attend the hearing.

display of written or graphic materials" that are "intended to interfere with the administration of justice or are intended to influence any judge, juror, witness, or court officer" in the discharge of their duties.[2] Buffer Zone Order at 1. Specifically excluded from the scope of the buffer zone restrictions are "[q]uiet, offsite demonstrations on public property, in areas and at times that do not interfere with trial participants' entrance into or exit from the Courthouse, and that do not interfere with the orderly administration of justice, and that are not intended to influence any trial participants in the discharge of their duties . . . ." *Id.* at 1-2.

The petitioners claim that the police unlawfully applied the Buffer Zone Order to restrict their activities outside the courthouse. Specifically, the police: (1) removed Derosier from an area across the street from the courthouse because he was "peacefully filming" the courthouse's exterior; (2) did not permit Grant to stand across the street from the courthouse while holding an American flag and a sign displaying a Bible verse, 2 Corinthians 3:17: "NOW THE LORD IS THE SPIRIT, AND WHERE THE SPIRIT OF THE LORD IS, THERE IS FREEDOM;" and (3) arrested Walsh for trespassing while on a public sidewalk across the street from the courthouse because she was wearing a sweatshirt stating, "criminals control Norfolk County."

## DISCUSSION

The petitioners request that the court invalidate the Buffer Zone Order in its entirety. This court declines to do so for the reasons given in the original Buffer Zone Order and as revised. The petitioners also seek judicial review pursuant to paragraph five of the Buffer Zone Order, which provides that "any person whose activity has been restricted by an officer enforcing this order may request review by a judge of the Superior Court, which request shall be heard as expeditiously as possible." Buffer Zone Order at 1. These claims largely turn on whether the

---

[2] The First Circuit has suggested that in this form, the Buffer Zone Order comports with the First Amendment. See *Grant*, U.S. Ct. App., No. 25-1380, slip op. at 12.

activities at issue within the buffer zone were "intended to interfere with the administration of justice" or "intended to influence any judge, juror, witness, or court officer" in the discharge of their duties. See Buffer Zone Order at 1. See also *Grant*, U.S. Ct. App., No. 25-1380, slip op. at 9-10, citing *Cox* v. *State of Louisiana*, 379 U.S. 559, 560-564 (1965) (recognizing that state statute criminalizing picketing and parading near courthouse survived First Amendment review where statute "bar[red] only protests directed toward interfering with the administration of justice or influencing trial participants").

Based on the limited record before the court, it does not appear that Derosier's conduct in "peacefully filming" the courthouse's exterior from across the street, but not any jurors or other trial participants, was, by itself, intended to interfere with the administration of justice or influence anyone involved in the *Read* trial. Nothing before the court suggests that Derosier was being noisy, let alone protesting, demonstrating, or interfering with anything or anyone at all. Accordingly, Derosier did not violate the Buffer Zone Order.

Grant's conduct is a closer question. Certainly, waving an American flag and displaying a Bible verse about freedom may be intended as acts of patriotism and religious expression. Such conduct gives the court pause, however, in the context of the *Read* trial where some members of the public are passionate and vocal about their desire to, in their words, "free" the defendant. In addition, Grant's location, across the street from the courthouse and apparently just outside of the Norfolk County Registry of Deeds (which houses the grand jury, the jury pool, and probation and other Superior Court offices), was ill-advised because, in this court's view, that area may fall within the scope of courthouse property where all demonstrations are prohibited under the Buffer Zone Order. Nevertheless, assuming that Grant was not on courthouse property but within the buffer zone, the court finds no violation of the Buffer Zone

Order because the record does not show that he was acting in a manner suggesting that he intended to interfere with the administration of justice or influence a trial participant.

Walsh stands on different footing. In the context of the ongoing *Read* trial, which has generated some public sentiment against Norfolk County officials, wearing a sweatshirt stating "criminals control Norfolk County" while across the street from the courthouse demonstrates an intent to interfere with the administration of justice and influence the *Read* jury. See *Cox*, 379 U.S. at 567 ("a group of demonstrators parading and picketing before a courthouse where a criminal charge is pending, in protest against the arrest of those charged, may be presumed to intend to influence judges, jurors, witnesses or court officials"); *Grant*, at 11-12. Because in this specific context, where Walsh was standing in close proximity to the courthouse, within the line of sight of trial participants, while wearing a visible message criticizing participants from Norfolk County, including law enforcement officers, prosecutors and the court itself, Walsh's conduct was directed toward "interfer[ing] with the administration of justice" and "influenc[ing] any judge, juror, witness, or court officer" in the discharge of their duties, Buffer Zone Order at 1, Walsh violated the Buffer Zone Order. Thus, contrary to Walsh's argument, the officer's actions pursuant to the Buffer Zone Order did not violate her First Amendment rights.

## ORDER

For the foregoing reasons, it is hereby **ORDERED** that Thomas Derosier's Emergency Request for Review Per Supplemental Order Regarding the Buffer Zone and Jason Grant's Emergency Request for Review Per Supplemental Order Regarding the Buffer Zone are **ALLOWED** in part as follows: Derosier and Grant did not violate the Supplemental Order Regarding the Buffer Zone dated May 15, 2025. It is further **ORDERED** that Derosier's and

Grant's petitions are otherwise **DENIED**, and Erica Walsh's Emergency Request for Review Per

Supplemental Order Regarding the Buffer Zone is **DENIED**.


Date:   May 21, 2025

                                        Michael P. Doolin
                                        Justice of the Superior Court

5